May it please the Court, I am Alexander Nguyen, representing the petitioner, Mr. Octavio Rodriguez-Uribe, in this immigration appeal. I would like to reserve two minutes for rebuttal. Mr. Rodriguez-Uribe appeals two errors in this case. First, to establish that he was removable for a conviction under the California Health and Safety Code, a divisible statute covering removable as well as non-removable offenses. The government merely relied on the information and a California abstract of judgment. This abstract of judgment is not a judicial record under Shepherd v. United States but a clerical form, not prepared in the course of but after the relevant plea proceedings, and not recognized for its accuracy but criticized for its mistakes. Second, to deny cancellation of removal, the immigration judge used a conviction under the California Vehicle Code, also a divisible statute, drew key facts again from the abstract of judgment, and ruled it to be an aggravated felony. But the characterization of this conviction as an aggravated felony had specifically been withdrawn with the approval of the immigration judge nine months earlier. And so his sudden resurrection of this characterization was also error. Counsel, your client has a little bit of a history here. And the I.J. denies the claim as a matter of his discretion. And the BIA specifically upholds the exercise of discretion. And I don't see that we have jurisdiction over discretionary denials. So how do we get around that point? So setting to one side what other complications there are, how do we get around the fact that we have a discretionary denial over here over which we typically do not have jurisdiction for the cancellation of removal? Yes. Judge Smith, the discretionary denial of the cancellation of removal is inseparable in this case from the statutory denial of a cancellation of removal. First, the hearing at which Mr. Rodriguez-Uribe represented himself pro se, the immigration judge started off by saying that he believed that he was ineligible based on an aggravated felony conviction. This finding overshadowed the entire hearing during the hearing. So at that point, the judge, immigration judge, from the outset had already basically decided that he was ineligible for cancellation of removal, and then tells Mr. Rodriguez-Uribe, I'm going to rule in the alternative if that is necessary, but why don't you go ahead and tell me whatever you'd like about the case. And so, Your Honors, we would submit to you that in this case, the due process violation based on the statutory denial is inseparable from the discretionary denial. But, counsel, we deal in arguments in the alternative all the time. We make these arguments ourselves in our opinions. We hear them. We hear these arguments from counsel. Was it inappropriate for an I.J. to rule in the alternative? Absolutely, Your Honor. In this case, again. Why would it be wrong in this case? Because, Your Honor, it's one thing had the immigration judge denied cancellation of removal based on insufficient family ties, for example. But in this case, the immigration judge denied discretionarily the removal, cancellation of removal based on the criminal record. So it's unclear on this record how the conviction under the vehicle code, which Mr. Rodriguez-Uribe does not contest, but only the characterization of it factored in. In this case, the best course, we would ask that if the first issue isn't resolved in our favor, that the court demand to the court be allowed. But isn't there a lot more in the record than just simply the issue that we're talking about there? I mean, the court was quite a ways along in talking about all of the convictions that he had, all of his record. He had a lot in there to talk about, as Judge Bivey's already said. So as he said right off the bat, sure, this conviction should get rid of the cancellation of removal. But he says, even if it doesn't, look at all this other, I mean, he even said, even if it doesn't, look at all this other stuff I've got to do and that I can rely upon. Which, I mean, having been in the district judge's position, having been the underlying judge, it seems to me the standard of review on discretion, given that he lays it out in two different scenarios, gives us plenty to look at. Not just that, Your Honor, but in terms of what he was talking about, he also considered arrests, and he also mentioned the brothers conviction, all of which are not supposed to be considered. So at least on the discretionary removal, we would submit that it's inseparable, again, from the statutory limitation. I would like to turn, if I could, also to the statutory denial of cancellation of removal. In this case, Mr. Rodriguez-Uribe was operating on the assumption for nine months that the characterization of the vehicle code conviction had been taken out of the record. And so for the immigration judge to resurrect it, Mr. Rodriguez-Uribe had no opportunity to consider and question the evidence, prepare or mount a proper defense, gather and present evidence on his behalf specifically to show that the vehicle code conviction was not an aggravated felony. The Code of Federal Regulations, the operating rules, provide specifically under 8 CFR 1240.8d that there is supposed to be a showing of that. And so for this reason, the immigration judge's resurrection was error. I'd like to turn to the divisibility statute, the drug conviction that made Mr. Rodriguez-Uribe removable to begin with. First, because California health and safety code is divisible, the modified categorical approach applies. Under Shepard, the government should have but did not introduce the plea agreement, should have but did not introduce the transcript of the plea colloquy, or should have but did not introduce any of the other Shepard-approved documents to show. Counsel, you can see that our holding in Velasco, Medina, finds that although individually they don't work, an information and an abstract of judgment can be employed together when responding to a Taylor modified categorical approach. Your Honor, in Velasco, Medina, the abstract of judgment mirrors. It's coextensive with the information. That is simply not the case here. If you look at the abstract of judgment on page AR-125, all it reflects is it does not reflect transport of methamphetamine. It does not refer to the information, and it does not say that Mr. Rodriguez-Uribe pleaded guilty as charged in the information. Instead, what it says is something much more cryptic. It says transport, et cetera. And so it remains, transport, et cetera, remains inconclusive on the two features, at least two features on which the California Health and Safety Code is divisible. But if you look at 11379A, which is the code section, and you look at transport, et cetera, that could be the only offense that it could be is the transport of drugs. We would respectfully disagree, Your Honor. What other transport of drugs? What other transport is there under 11379A? Well, for transport, et cetera, it's unclear what exactly it refers to. It could refer to transport, as you said. It also could refer to something else. Well, it has to be at least transport, doesn't it, counsel? It can't be transport and something else. That would be the et cetera. But at a minimum, it would have to be transport, doesn't it? It's also — it could also be offered to transport, which this Court has held is a solicitation offense, which is not removable. But more importantly, what controlled substance are we talking about here? As the Court held in Reese v. Dow, the schedule of controlled substances, controlled regulated by 11379, it's much broader than what the Federal CSA, Controlled Substances Act, regulates. And so it's still divisible on that front. And so it's particularly problematic in this instance. Rather, Navidad-Marcos would, we would argue, govern this case. Because in Navidad-Marcos, the information narrowed the charge down to methamphetamine, specifically methamphetamine. And even though there was an abstract of judgment submitted saying that it's for transport for selling of a controlled substance, the Court at 367 F. 3rd. 908 said that the immigration judge erred by holding, by concluding that the defendant had actually been convicted of transportation of methamphetamine. We are left now, Your Honors, here in this Court to speculate or to guess and to read between the lines of what specifically Mr. Rodriguez would be plead guilty to. And that is exactly why Shepard and Taylor dictate a reliance on a narrow set of documents and its set of documents is so narrow that even judicial admissions, the gold standard of evidentiary admissibility, are rejected. Abstracts of judgment fall outside of this universe. And they should. They are faulty in the most fundamental respects. And even this Court and a sister court two time zones away has pronounced it to be unreliable. For those reasons, Mr. Rodriguez-Oribe asks the Court to reverse the judgment and vacate his removal order. Thank you, Your Honor. Thank you, Mr. Whalen. Good morning, Your Honor. May it please the Court. Dan Goldman on behalf of the Attorney General. I'm sorry. Dan Goldman on behalf of the Attorney General. This Court should uphold the agency decision and dismiss and in the alternative deny the petition for review. There are really only two issues before this Court. Number one, is Mr. Rodriguez-Oribe removable based on his drug conviction? The government would submit that the answer is yes. The second issue, does this Court have jurisdiction to review the discretionary denial of cancellation of removal? To that question, the government would submit that the answer is no. One thing that I'd like to focus on briefly, Your Honor, that was raised by opposing counsel was the suggestion that somehow Mr. Rodriguez-Oribe was caught unaware that this charge was resurrected. A charge of removability was somehow resurrected in his case improperly. Factually speaking, that is not what happened in this case. And it's a key distinction. The charge of removability was withdrawn. The government moved to withdraw it. The immigration judge granted that motion. That charge of removability was withdrawn. That's a legal determination, the removability determination. But the factual allegation of the conviction was never withdrawn. It was admitted. Documentation was submitted. It was never withdrawn. And, in fact, when the case was remanded from the board back to the immigration judge, the documentation was resubmitted. So to suggest that Mr. Rodriguez-Oribe somehow lacked notice or is subject to some sort of unfair surprise attack or resurrection of the charge, factually speaking, that is simply not accurate. There's a difference between the factual allegation of a conviction and a legal conclusion as to removability. And I just wanted to address that because it was raised again today. Despite being addressed in the government's brief, opposing counsel continues to put that issue before this Court, and I would hope to put it to rest today, Your Honor. For all of the reasons that we've laid out in our brief, to go back to the two basic issues in this case, is Mr. Rodriguez-Oribe removable? Under this Court's holding in Velasco, Medina, an abstract in conjunction with, in concert with, an information is sufficient to establish the conviction. The problems in other cases in Navidad-Marcos simply don't apply here. In Navidad-Marcos, the Court had a situation where the charging document tracked the entire statute, and the Court was left to say, we don't know. We have to speculate. What did he do? Was it transport, possession, use? Whatever it was, we don't know. This Court does not face any sort of problem like that here. The charging document specifically narrowed the charge. It specifically says, to wit, transport methamphetamine. The abstract comes in afterward and says he played guilty to and was found guilty of charge one in the information. That's all that needs to happen under this Court's holding in Velasco, Medina. Mr. Rodriguez-Oribe raises various challenges to the use of the abstract or the use of the information by themselves. They're interesting challenges, but they're irrelevant because, as was noted earlier, this Court has both in this case and does not need to speculate what actually happened in this case. With regard to the second issue, is this the, sorry, the cancellation of removal denial, the immigration judge relied on two bases. Number one, the statutory denial. Number two, the discretionary denial. The Board of Immigration Appeals specifically upheld only the discretionary denial. Now, counsel today has suggested that those two are inseparable. The Board managed to separate them, and we would urge this Court to recognize that they are separable. The Board of Immigration Appeals specifically said, we are upholding only the discretionary denial of removal. This Court very clearly, under this Court's precedent, has no jurisdiction to review the discretionary denial. Subject to the Court's questions, Your Honor, the government would submit on its briefs. Thank you, Mr. Goldman. Thank you, Your Honor. Mr. Guiney, you've consumed your time. If there's something in particular you want the Court to know, we'd be happy to give you an additional 30 seconds or so. Thank you. Just very briefly, Your Honors. The distinction between the factual conviction and the characterization of that conviction as an aggravated felony, there's a real distinction there. Mr. Rodriguez-Uribe did not think that the characterization of the conviction would be brought up again. Secondly, the Velasco-Medina only applies if the abstract of judgment is coextensive, mirrors the information, because that document is an evidentiary crutch, not supported by Shepard in this case. Finally, to invite the abstract of judgment into the narrow universe of documents would be a slippery slope. In other words, minute orders and other documents like that might very well be accepted in the near future. And that is something that the Court should not do in terms of gutting Shepard and gutting Taylor. Deportation. The impact of deportation, as the Supreme Court has said, upon the life of an alien is often as great as, if not greater, than the imposition of a criminal sentence. The government has the burden of proving clearly and convincingly that Mr. Rodriguez-Uribe is removable. It did not do so here, and Mr. Rodriguez-Uribe asks the Court to reverse. Thank you. We thank both counsel for the argument. Mr. Guinn, the Court recognizes that you participated in the pro bono project, and we thank you for your very able representation of Mr. Rodriguez-Uribe in this case. Thank you. The last case on the docket is Magana-Claudio v. Gonzalez.
judges: Bybee, M. Smith, N.R. Smith